**Manbindar Singh MINHAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondents.**

No. 03–71549.

Agency No. A76–849–192.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided June 24, 2005.

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Earle B. Wilson, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM *

Manbinder Singh Minhas, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of adverse credibility, *Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004), and changed country conditions, *Lopez v. Ashcroft,* 366 F.3d 799, 805 (9th Cir.2004).

The IJ's adverse credibility determination was not supported by substantial evidence. The IJ's conclusion that Minhas's testimony was implausible was a matter of conjecture, *see Abovian v. INS,* 219 F.3d 972, 979 (9th Cir.2000), *amended by* 228 F.3d 1127 (9th Cir.2000), and the IJ did not identify any material inconsistencies upon which he based the adverse credibility finding. *See Garrovillas v. INS,* 156 F.3d 1010, 1014 (9th Cir.1998). The alternative finding by the IJ that the government established changed country conditions in India since 1997 and forward was not supported by an individualized analysis

of this circuit except as provided by Ninth Circuit Rule 36–3.

of how these changed conditions affected Minhas's situation. *See Lopez,* 366 F.3d at 805.

We grant the petition for review, remanding to the BIA for it to reconsider whether, taking Minhas's testimony as true, he has shown eligibility for asylum or withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *Lopez,* 366 F.3d at 807.

**PETITION FOR REVIEW GRANTED.**

BEA, Circuit Judge, separately concurring.

I concur in the result vacating the IJ's adverse credibility determination, granting the petition for review, and remanding to the BIA for it to conduct a proper changed country conditions analysis under *Lopez v. Ashcroft,* 366 F.3d 799, 807 (9th Cir.2004). I separately concur, however, because I conclude the inconsistencies the IJ identified in petitioner's application and later supplemental declaration (*e.g.,* the arrest of petitioner's father and the claim of discrimination against Sikhs at the Bombay college) were material and went to the heart of petitioner's asylum claim (and thus generally would be sufficient to support an adverse credibility determination). Nevertheless, the IJ failed to provide petitioner a reasonable opportunity to explain either inconsistency. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (holding that the IJ "must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum."). Neither the IJ nor the government attorney questioned petitioner regarding the inconsistencies, and the in-

---

*  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

consistencies thus cannot support the adverse credibility determination. *See id.*

TALLMAN, Circuit Judge, concurring.

If I were writing on an clean slate, especially in light of the clear congressional intent behind the recently enacted Real ID Act, P.L. No. 109–13 (May 11, 2005), (which admittedly does not apply retroactively to cases like this one filed before its effective date), I would uphold the decision of the Board of Immigration Appeals and the Immigration Judge. *See Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004) (Tallman, J., dissenting). However, under current Ninth Circuit precedent, I am required to concur.